UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-08-449
:
ADAM HUBER, et al., : (Judge Kosik)
:
    Defendants :

## Memorandum

Presently pending in the above civil rights matter filed pursuant to 42 U.S.C. § 1983 are Plaintiff Sean Pressley's motions seeking reconsideration of this court's Memorandum and Order of July 25, 2011, granting in part and denying in part motions to compel discovery. (Docs. 66, 77.) For the reasons that follow, the motions will be denied.

## I.  Background

The claims giving rise to the incidents in this action occurred at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, Pressley's former place of confinement. Remaining in this matter are the following claims: (1) excessive force against Defendants Huber, Zimmerman, Yohn, Gerber, Ayers, Tabias and Taylor; (2) failure to protect against Defendants Steigerwalt, Marsh, Chambers,

Taggart, Kelchner, O'Hara and Beard; and (3) denial of due process against Defendant Moslak. On July 25, 2011, the court issued a lengthy Memorandum and Order addressing a motion to compel and supplemental motion to compel discovery filed by Plaintiff, as well as his Motion to Communicate with Witnesses. The court assumes familiarity by the parties with the content of the challenged Memorandum and Order. As such, only the issues specifically raised in the pending motions for reconsideration will be addressed. Pressley takes issue with the court's ruling with respect to the production of maps and diagrams of SCI-Camp Hill, the production of surveillance video footage, a copy of a color photograph of the property room on the day in question and Defendant Huber's medical records; and the production of a videotape of inmate Lyons being transported from the medical unit to E-Block. Pressley also seeks reconsideration with respect to the court's decision regarding interrogatory questions directed to Defendant Kelchner concerning the videotape surveillance system at SCI-Camp Hill.

## II.  Standard of Review

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds

prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

3

## III. Discussion

In the instant case, Pressley fails to demonstrate any of the applicable grounds for reconsideration. In his motions and briefs, he has not set forth an intervening change in law, presented new evidence, or argued the existence of a clear error of law or fact. Rather, he reasserts arguments previously considered and rejected by the court or attempts to raise new arguments in support of his discovery requests that could have been raised in his motions to compel and are unavailing in any event.

With respect to his requests for the maps and diagrams of different areas at SCI-Camp Hill where the alleged incidents occurred, security concerns clearly outweigh any prejudice resulting to Pressley if said documents are not released to him. Defendants' argument that the issues remaining in this case can be addressed by witness testimony is well-taken.

With respect to the existence of any surveillance video footage, Defendants have already responded to Plaintiff that only the DVD from the handheld video exists and that because of the placement of the stationary video cameras, no such surveillance video exists. Defendants cannot be forced to produce that which does not exist.

Regardless of whether Pressley actually ever requested a copy of a color photograph of the property room through discovery, Defendants state that they are not in possession of any such photo. Further, because Pressley states that such a photo

4

was used as an exhibit in his criminal trial regarding the alleged assault in issue, he is certainly free to obtain the photo through the criminal case.

Pressley further contests the court's ruling with respect to the medical records of Defendant Huber. Because Pressley now appears to limit his request to only those records concerning Huber's injuries resulting from the alleged altercation, Defendants agree to produce such records, and will be directed to do so within fourteen days unless they have already done so.

Plaintiff also seeks reconsideration with respect to a videotape of fellow inmate Lyons being transported from the medical department to E-Block. In seeking reconsideration with respect to this ruling, Pressley comes forth with no basis for concluding that any such request is relevant to the issues remaining in this action.

Lastly, Pressley challenges the court's rulings with respect to certain interrogatory questions propounded to Defendant Kelchner concerning the videotape surveillance system at SCI-Camp Hill. While Pressley attempts to rely on rulings by another court with respect to discovery requests in an unrelated case, these rulings bear no relevancy to the instant matter. For the reasons previously set forth in this court's Memorandum and Order of July 25, 2011, pertaining to the challenged Kelchner interrogatory questions, Pressley's motion for reconsideration will be denied. Thus, because he advances no proper grounds for altering the Memorandum

and Order of July 25, 2011, the pending motions will be denied.[1] An appropriate order follows.

---

[1] In his pending motions Pressley seeks reconsideration of the July 25, 2011 Memorandum and Order or, in the alternative, requests the court to "revisit" the denial of his motion for appointment of counsel on September 30, 2010. Because Pressley asserts no new grounds in support of the appointment of counsel in this matter, there is no reason to reconsider the court's earlier decision.

6