UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**SCRANTON**

FEB 1 2 2013

PER _M. 6. l._
DEPUTY CLERK

| | | |
|---|---|---|
| SEAN PRESSLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-08-0449 |
| | : | |
| ADAM HUBER, et al., | : | (Judge Kosik) |
| | : | |
| Defendants | : | |

## MEMORANDUM

This civil rights action was filed by Sean Pressley, an inmate currently confined

at the State Correctional Institution at Fayette, Pennsylvania, in March of 2008.

Named as Defendants are Pennsylvania Department of Corrections officials and

employees at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"),

Pressley's former place of incarceration. The following three claims remain in this

action: (1) the use of excessive force by Defendants Huber, Zimmerman, Yohn,

Gerber, Ayers, Tabias and Taylor on October 30, 2006; (2) the failure to protect

Plaintiff from harm from June of 2003 through the date of the assault by Defendants

Steigerwalt, Marsh, Chambers, Taggart, Kelchner, O'Hara and Beard; and (3) the

denial of due process by Defendants Moslak and Bitner with respect to an assessment

made to Plaintiff's inmate account. The case has been tied up in discovery for an

extended period of time. Presently pending are <u>in</u> <u>camera</u> documents previously submitted by Defendants at the court's direction (Docs. 73, 74), as well as Pressley's motion for sanctions (Doc. 87). The court will resolve these outstanding matters.

## I. Background

An extensive discovery opinion was issued in this case on July 25, 2011. (Doc. 66.) Pursuant to this Memorandum and Order, the court addressed Pressley's motions to compel discovery with respect to Requests for Production of Documents and Interrogatories he had served upon Defendants. In resolving numerous disputes with respect to the requested discovery, the court granted in part and denied in part Pressley's motions. While many of Pressley's requests were denied, many others were either granted and Defendants directed to provide the requested discovery, or Defendants directed to submit certain documents to the court for <u>in</u> <u>camera</u> inspection. The <u>in</u> <u>camera</u> documents are presently before the court for review. Also pending is a motion for sanctions wherein Pressley raises ten (10) claims with respect to discovery which he contends Defendants have failed to produce.

## II. In Camera Documents

The court's discretion in resolving discovery disputes is guided by certain basic principles. While it is clear that Federal Rule of Civil Procedure 26 contains a broad definition of what can be obtained through discovery, it is equally clear that discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense."

As such, valid claims of privilege still restrict the court's discretion in ruling on discovery issues. Recognizing this fact, when addressing inmate requests that may appear to be relevant, but implicate potential threats to security or other valid objections to the production thereof, the use of in camera inspection has been adopted by courts. The court can then review the information and determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and, (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.

We adopted this route with respect to two main discovery requests by Pressley in this case. The first was with respect to his request for DOC Policies 6.5.1 (Administration of Security Level 5 Housing Units); 1.7.5 (Assessment of Costs Resulting from Inmate Misconduct) and 6.5.7 (SMU Procedures), as well as the manuals relating to these policies in effect from June of 2003 through February of 2007. Defendants raised relevancy and security concerns with respect to this request. Also directed to be produced for in camera inspection were unredacted copies of any internal DOC investigative reports addressing any disciplinary action taken against Defendants Huber, Zimmerman, Yohn, Gerber, Ayers, Tabias and Taylor for excessive force against any inmate. Defendants were further directed to specify what action was taken by the DOC in any such cases.

3

## A.     Policies/Manuals

In the court's order of July 25, 2011, Defendants were directed to submit for in camera review the following DOC policies and manuals: Policy 6.5.1 (Administration of Security Level 5 Housing Units), Policy 1.7.5 (Assessment of Costs Resulting From Inmate Misconduct) and Policy 6.5.7 (SMU Procedures). In reviewing the documents submitted for in camera review, Defendants only provided the DC-ADM 201 manual (Use of Force Procedure Manual). (Doc. 74.) In reviewing this submission, Defendants will only be directed to provide to Pressley a copy of Section 1 of this manual that sets forth the "General Practices." The remaining portions of said manual are irrelevant to the claims remaining in this action. In addition, because Defendants failed to submit the remaining documents directed for in camera submission, they will be directed to do so.

## B.     Reports of Disciplinary Action

Also submitted for in camera review were any documents pertaining to disciplinary actions taken against any of the Defendants for excessive force. Only disciplinary investigation documents concerning Defendant Gerber were submitted for inspection. (Doc. 73.) There were no disciplinary actions taken against any of the other Defendants for excessive force.

Prior complaints made against the defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the

constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity. See Simcoe v. Gray, et al., No. 10-CV-6531, 2012 WL 1044505, *3 (W.D. N.Y. Mar. 28, 2012.)

In reviewing the Gerber documents, the court will not order that any of this information be provided to Pressley for the following reasons. The documents pertain to one incident of alleged excessive force against an inmate that occurred several months after the incident at issue in the pending matter. The claims arose during the course of a cell extraction wherein an inmate grabbed Gerber's arm and hand in which he had a hand-held Electronic Body Immobilizing Device. Gerber's actions in regaining control were found not to be excessive. Clearly, the complaints in the instant case and the in camera submission are not similar. Not only are the documents irrelevant with respect to the pending claims, but they also contain sensitive and confidential information that if released could threaten the security and orderly operation of the prison. Accordingly, Defendants will not be directed to provide any of these documents to Pressley.

## III. Motions for Sanctions

Plaintiff maintains that Defendants have failed to provide all discovery ordered to be produced in the order of July 25, 2011, and requests the imposition of sanctions. (Doc. 87.) In particular, he claims the following items have not yet been provided to him:

- Abuse complaints he filed with the Office of Professional Responsibility ("OPR") under DC-ADM 001 on 8/22/05 and 8/25/05

- Investigative report resulting from 8/16/05 abuse complaint he filed to OPR under DC-ADM 001

- Two previous investigations completed 10/25/05 and 2/8/06 by the SCIC Security Office referred to in the documentation of 2/5/07 that found Pressley's allegations not to be substantiated (Doc. 88, Attach. 1)

- Past civil/criminal judgments and internal DOC investigative reports addressing disciplinary action taken against Defendants

- Supplement to Beard Interrogatory #22 regarding any correspondence received from other inmates in SMU from 2006 through October of 2006 alleging abuse by Defendants

- Supplemental response to Zimmerman Interrogatory #3 with respect to where he was assigned to work in the SMU in 2006

- Response to Kelchner Interrogatory #1

- Responses to second set of Interrogatories directed to Defendant Huber

- Responses to second set of Interrogatories directed to Defendants Moslak and Bitner

- Medical records of Huber with respect to care received at outside hospital/medical facilities regarding any injury received as result of assault incident

- Information with respect to Purcell Bronson (regarding the camera)

- Color photo ID

(Doc. 88, Pl.'s Supp. Br.)   The court will address each of these issues.

In responding to the motion for sanctions, Defendants have advised the court

that the OPR is unable to locate any letters from Plaintiff written on August 22, 2005

6

and August 25, 2005. As such, no such letters can be produced and sanctions are not warranted. In addition, after conducting a search, Defendants state that the DOC has no record of any court judgments against Defendants involving excessive force. Their online searches have also failed to reveal the existence of any such judgments. Further, other than the investigation with respect to Defendant Gerber which was submitted to the court for in camera review, and which has been discussed above, no other disciplinary investigations were undertaken with respect to the other Defendants regarding allegations of excessive force.

Defendants also state that at the time the motion for sanctions was filed, their responses to Huber's second set of interrogatory questions was not yet due, and that the answers would be provided to Pressley on or before April 23, 2012. The court is assuming Defendants have now provided those responses. Furthermore, with respect to the issue of Huber's medical records, Defendants state they did provide records, but that Pressley believes additional records exist. Defense counsel informed Pressley that he asked Huber to provide him with any additional details with respect to his medical treatment, and to provide releases authorizing any existing medical care provider records. Although counsel stated he would keep Pressley and the court apprised of his efforts concerning these records, the court has never received any further information.

The court finds that Defendants have made a good faith effort to provide

Pressley with the information sought regarding a lawsuit brought by inmate Bronson. Defendants voluntarily agreed to search for this information and its relevance has never been established. With this said, Defendants will not be directed to search further or sanctions are not warranted with respect to this request.

As far as specific information concerning the video camera used on October 30, 2006, Defendants attach to their response to the motion for sanctions a copy of the "Hand-Held Video Camera Log." (Doc. 89, Ex. 7.) If Defendants have since been able to obtain the serial number of the camera, they should provide that to Pressley.

Pressley also seeks various investigative documents including those with respect to the harassment/stalking by Huber and/or the failure of prison personnel to respond to such complaints. He also seeks investigative documents resulting from his abuse complaint to the OPR. In seeking such documents, Pressley now attempts to go beyond the scope of his discovery requests. Such investigative documents were not requested, and will not be ordered to be produced by Defendants. In addition, any 2/8/06 OPR report is irrelevant to the pending claims, as evidenced by the letter written by Pressley that precipitated such report in that it concerns an unrelated issue. (Id., Ex. 2.)

Several of the outstanding discovery issues contested by Pressley in his motion for sanctions involve Defendants responses to interrogatory questions. With respect to supplemental responses to Beard's Interrogatories #22 and #23, Defendants state

that Beard has no independent recollection of any facts responsive to said questions. However, if their ongoing search revealed any responsive documents, they would prepare an affidavit to this effect. The court has not been informed as to whether Defendants supplemented their response to this interrogatory/prepared any such affidavit. If responsive documents were revealed through the search conducted, Defendants should so advise the court within seven (7) days, including whether Pressley was provided with any further response to these challenged interrogatory responses.

Defendants also leave open-ended the questions of whether they ever served Pressley with the supplemental interrogatory responses with respect to Defendants Zimmerman and Kelchner. Defendants state the supplemental responses were prepared but that they were waiting for Defendants to sign the verifications. Defendants represented that they would notify the court when this had been accomplished, but never did so. They will be directed to provide said notification to this court within the next seven (7) days.

Counsel for Defendants also admits that he was served a second set of interrogatories for Defendants Moslak and Bitner, and that he would have these Defendants prepare responses and would then forward them to Pressley. He represented that he would keep the court apprised of the status of these responses. The court has never received any status report. Within seven (7) days, Defendants

will advise the court if these responses have been served upon Plaintiff.

Finally, Pressley seeks color printouts of his ID pictures as they appeared prior to October 30, 2006, on February 28, 2007, and on July 12, 2009. In responding to the motion for sanctions with respect to this request, defense counsel states that he requested the printouts and would be providing them to Pressley. Defendants are to advise the court within seven (7) days if the photos have been provided to Pressley.

Federal Rule of Civil Procedure 37(b)(2) authorizes the court to impose sanctions on a party who violates an order of the court to "provide or permit discovery." Sanctions for violation of Rule 37(b), depending on the severity of the violation, range from monetary payment to dismissal of the action. Sanctions are imposed in appropriate situations to deter further breaches and to vindicate the processes of the court.

In the instant case, it cannot be said that Defendants have refused to provide responses to discovery. It is clear in reviewing the record that Defendants have provided and have attempted to provide Pressley with responses to his extensive discovery requests. In fact, they have also offered to provide him with information he has requested voluntarily, and which may not even be relevant to the issues that remain pending before the court. With this said, however, the discovery phase in this case has been never-ending. Motions to compel have been ruled upon, and resulting

10

orders have attempted to finalize the discovery in this case to no avail. While Defendants appear to place most of the blame for the delay in this case on Pressley and the court, a review of the docket in this case suggests that Defendants have contributed greatly to the current procedural posture of this matter. Following this court's discovery order of July 25, 2011, which admittedly did require Defendants to provide a good deal of additional discovery responses to Pressley, Defendants moved for enlargement after enlargement in an effort to do so. In fact, five (5) requests for enlargement of time were sought. With this said, even with providing those enlargements of time to Defendants, it is still not certain what discovery may still be owing to Pressley.

As demonstrated above, in their response to Plaintiff's motion for sanctions, there are a number of instances where Defendants state they will keep Pressley and the court apprised of their service of discovery documents on Pressley and/or their efforts to obtain further documents responsive to requests/interrogatories. The court has never received any such notifications or updates from Defendants.

In light of the foregoing, the court does not find the existence of such circumstances that warrant the seriousness of the imposition of sanctions. However, discovery in this case must be concluded, and dispositive motions filed. As such, Defendants are to advise the court within seven (7) days of the status of the outstanding discovery matters referenced in this Memorandum. If any of the

11

documents/responses have not been previously forwarded to Pressley, they are to be served within fourteen (14) days from the date of this order or the issue of sanctions will be revisited. Following the court's receipt and review of the outstanding in camera documents, a dispositive motions deadline will also be imposed and is expected to be strictly adhered to by the parties. An appropriate order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY,                        :
                                      :
            Plaintiff                 :
                                      :
      v.                              :   CIVIL NO. 3:CV-08-0449
                                      :
ADAM HUBER, <u>et al.</u>,            :   (Judge Kosik)
                                      :
            Defendants                :

## <u>ORDER</u>

**NOW, THIS**  /2th **DAY OF FEBRUARY, 2013,** in accordance with

the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Defendants shall produce to Plaintiff within fourteen (14) days **only
    Section 1 entitled "General Practices" of the DC-ADM 201 manual**
    submitted for <u>in camera</u> review.  (Doc. 74.)

2.  Within fourteen (14) days of this order, Defendants shall submit to the
    court for <u>in camera</u> review the DOC policies and manual with respect
    to Policy 6.5.1, Policy 1.7.5 and Policy 6.5.7 as previously directed by
    the court on July 25, 2011.

3.  Plaintiff's motion for sanctions (Doc. 87) is **denied.**  However, within
    seven (7) days from the date of this order, Defendants shall file a status
    report specifically advising the court of the following:

    a.  Whether additional medical information with respect to
        Defendant Huber was obtained and, if so, provided to Plaintiff;

    b.  Whether the serial number for the video camera was ever

obtained and, if so, provided to Plaintiff;

    c.    Whether any further responses to Defendant Beard's interrogatories #22 and #23 were obtained and, if so, provided to Plaintiff;

    d.    Whether Plaintiff ever provided responses to the supplemental interrogatories directed to Defendants Zimmerman, Kelchner, Moslak and Bitner;

    e.    Whether the Plaintiff's ID photos were ever provided to him.

4.    A dispositive motions deadline will be imposed following the court's receipt and review of the outstanding in camera documents.


EDWIN M. KOSIK
United States District Judge