**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SEAN PRESSLEY, :

               Plaintiff, :     CIVIL NO. 3:08-0449

    v. :       (MANNION, D.J.)
                           (MEHALCHICK, M.J.)
ADAM HUBER, *et al.*, :

           Defendants :

## <u>MEMORANDUM</u>

On March 21, 2017, the court issued a Memorandum and Order, (Doc. 122, Doc. 123), granting in part and denying in part defendants' motion for summary judgment (Doc. 99). The court granted the motion with respect to plaintiff's failure to protect claim and his due process cost assessment claim. Specifically, with respect to plaintiff's failure to protect claim, the court found that he failed to exhaust his administrative remedies with the DOC. With respect to plaintiff's due process cost assessment claim, the court granted defendants' summary judgment motion on the merits. The court also found plaintiff failed to exhaust his excessive force claim under DC-ADM-804, the DOC's grievance policy, however, indicated that plaintiff may have exhausted this claim alleging inmate abuse under DC-ADM-001 and, directed the parties address this issue. Thus, the court denied defendants' motion with respect to plaintiff's excessive force claim. The court also permitted the parties to submit

motions for summary judgment with respect to the stated issue regarding the excessive force claim by April 21, 2017.

After being granted an extension of time, defendants filed a motion for summary judgment on May 22, 2017, only regarding the issue of whether plaintiff exhausted his excessive force claim under DC-ADM-001. (Doc. 127). This motion has been fully briefed by the parties and is pending with Judge Mehalchick for a report and recommendation.

On May 8, 2017, plaintiff, Sean Pressley, an inmate at SCI-Frackville, filed, *pro se*, a motion for relief from the March 21, 2017 Order pursuant to Fed.R.Civ.P. 60(b).[1] (Doc. 126). He filed a late brief in support of his motion, (Doc. 133), and defendants filed a brief in opposition to the motion, (Doc. 134).

---

[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Despite plaintiff's tardy brief, the court will consider his Rule 60(b) motion. As defendants point out, the court's March 21, 2017 Order, granting summary judgment in favor of defendants only on some of plaintiff's claims, was not a final order. "Rule 60(b) grants the district court the power to relieve a party from a '*final* judgment, order, or proceeding.'" State National Insurance Company v. County of Camden, 824 F.3d 399, 406 (3d Cir. 2016) (emphasis original)(citing Fed.R.Civ.P. 60(b)). The March 21, 2017 Order dismissing two of plaintiff's claims, but not his excessive force claim, was not a final order. *See id.* Thus, since the March 21, 2017 Order was not a "final judgment, order, or proceeding," plaintiff's Rule 60(b) motion is premature and will be denied.

Since plaintiff is a *pro se* prisoner, the court will liberally construe his motion. The court finds that plaintiff may have intended to file a motion for reconsideration with respect to the March 21, 2017 Order. "Apart from Rule 60(b), the District Court has the inherent power to reconsider prior interlocutory orders." State National Insurance Company, 824 F.3d at 406. "The power to reconsider prior interlocutory orders depends on the District Court retaining jurisdiction over the case." Id. (citing United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.").

No doubt that this court has retained jurisdiction over this case so it has

inherent power to reconsider its March 21, 2017 Order. However, even construing plaintiff's instant motion as one for reconsideration, plaintiff did not timely file it. Local Rule 7.10, M.D.Pa., provides that a motion for reconsideration must be "accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." "Local Rule 7.10 applies to motions for reconsideration brought pursuant to Federal Rules of Civil Procedure 54(b) or 60(b)." Nittany Outdoor Advertising, LLC v. College Township, 179 F.Supp.3d 436, 439 M.D.Pa. 2016). Plaintiff's motion, considered as one for reconsideration, would fall under Rule 54(b). As such, plaintiff's motion failed to comply with the 14-day time limitation specified in Local Rule 7.10. "Noncompliance with a local rule governing timeliness is enough to warrant denial of the requested relief." Id. Also, "[f]ederal courts 'may deny an untimely motion if the filing party fails to demonstrate excusable neglect.'" Id. (citation omitted).

In this case, plaintiff was issued a Standing Practice Order In Pro Se Plaintiff Cases on March 11, 2008, shortly after he commenced this case providing him with a copy of the pertinent Local Rules of this court, including Rule 7.10. (Doc. 6). While the copy of Rule 7.10 which plaintiff received stated the old time limit to file a motion for reconsideration of 10 days, the court gives him the benefit of the revised Rule and its 14-day time limit. Even with the 14-day time limit and the prison mailbox rule, plaintiff's instant motion, deemed filed on May 2, 2017 and considered as one for reconsideration, was not

4

timely filed.

However, plaintiff has shown excusable neglect for failing to file his motion, deemed as one for reconsideration, in a timely manner. Plaintiff states that he just recently received his lost documents from the DOC and that some of these documents are relevant to the exhaustion issue under DC-ADM-804 regarding his excessive force claim and his failure to protect claim. (Doc. 133, p. 2). In fact, defendants' counsel verifies this representation of plaintiff in his motion for extension of time to file a summary judgment motion. (Doc. 124). Indeed, defense counsel concedes that "[s]ome of these records [he recently sent to plaintiff] are relevant to the exhaustion issue under the [DOC] 804 grievance policy of the failure to protect and excessive force claims and may warrant reconsideration of the March 21, 2017 Order and Memorandum." (Id., p. 3). As such, the court shall reconsider its March 21, 2017 Memorandum and Order since "it is consonant with justice to do so." State National Insurance Company, 824 F.3d at 406. Thus, the plaintiff's late Rule 54(b) motion for reconsideration will not be denied as time barred.

Plaintiff essentially seeks reconsideration of the March 21, 2017 Memorandum and Order with respect to his failure to protect and excessive force claims and the court's finding on both claims that he failed to exhaust his administrative remedies under DC-ADM-804 of the DOC's grievance policy. Plaintiff states that he has new evidence which was not previously available to him due to his lost documents regarding this issue. A motion for

reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D.Pa. 1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd*, 31 F.3d 1174 (3d Cir.1994). State National Insurance Company, 824 F.3d at 406.

The court finds that plaintiff should be afforded the opportunity to present his newly discovered evidence since it may be pertinent to the exhaustion issue under DC-ADM-804 with respect to his failure to protect and excessive force claims. Thus, the court will grant plaintiff's motion for reconsideration and vacate the March 21, 2017 Order to the extent that it granted defendants' (Doc. 99) summary judgment motion with respect to plaintiff's failure to protect claim. The court will also vacate its finding in its Memorandum with respect to plaintiff's failure to protect and excessive force claims that he failed to exhaust his administrative remedies under DC-ADM-804 of the DOC's grievance policy. Specifically, in its March 21, 2017 Memorandum, (Doc. 122, p. 14), the court stated: "The court agrees with Defendants that according to the record, Plaintiff has failed to exhaust both his excessive force claim and his failure to protect claim through DC-ADM-804." The court will permit the parties time to file summary judgment motions regarding the exhaustion issue under DC-ADM-804 with respect to plaintiff's failure to protect and excessive force claims.

Accordingly, plaintiff's motion for relief from the March 21, 2017 Order pursuant to Fed.R.Civ.P. 60(b), (Doc. 126), will be **DENIED AS PREMATURE**. Insofar as plaintiff's Doc. 126 motion is construed as a motion for reconsideration with respect to the March 21, 2017 Order, it will **GRANTED**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 1, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2008 MEMORANDA\08-0449-02.wpd